

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

**JAMES A. MARTIN,**

      Petitioner,

v.                                           Criminal No. 2:17-cr-025

**UNITED STATES OF AMERICA,**

      Respondent.

### *MEMORANDUM OPINION & ORDER*

Before the Court is James A. Martin's ("Petitioner") Motion for Compassionate Release ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. for Compassionate Release ("Comp. Release Mot."), ECF No. 44. The Government opposed the motion. Gov't's Resp. in Opp. to Comp. Release Mot. ("Resp. in Opp."), ECF No. 45. This matter is now ripe for judicial determination. For the reasons below, Petitioner's Motion is **DENIED**.

### I.     FACTUAL AND PROCEDURAL HISTORY

On April 10, 2017, Petitioner pled guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agreement, ECF No. 14. On July 17, 2017, the Court sentenced Petitioner to 105 months of incarceration (both counts, served concurrently), followed by three (3) years of supervised release. J. of Pet'r, ECF No. 30. As of the date of this opinion, Petitioner will have served approximately 60% of his sentence and is housed at USP Beaumont with a projected release date of December 7, 2024.[1]

On September 13, 2021, Petitioner filed a motion for compassionate release. Comp.

---

[1] *See Find An Inmate*, BOP.GOV (July 6, 2022), https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

Release Mot., ECF No. 44. Petitioner argues that the § 3553(a) factors weigh in favor of his release and that his medical conditions in light of COVID-19 warrant an extraordinary and compelling reason for his release. *Id.* The Government opposes the motion, arguing that the §3553(a) factors weigh against release and that Petitioner's health condition is not an extraordinary and compelling reason for his release. Resp. in Opp., ECF No. 45.

## II. LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes—one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding that petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335,

2

338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, which may be waived or forfeited if not timely raised. *Id.* at 129–30 (collecting cases from sister circuits holding the same).

**B.     The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the FIRST STEP Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n.1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n.1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020); *see also United States*

*v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release . . . [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts . . . ."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). *McCoy*, 981 F.3d at 288 (holding that district courts have broad discretion in deciding whether extraordinary and compelling circumstances exist for compassionate release).

### III. DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner exhausted his administrative remedies prior to bringing his motion with the Court. On August 6, 2021, Petitioner submitted a request for compassionate release to the BOP at USP Canaan in Waymart, Pennsylvania. Comp. Release Mot. at Ex. 1. On August 9, 2021, the Warden at USP Canaan denied Petitioner's request. *Id.* The parties agree that Petitioner has satisfied the threshold requirement. *Id.* at 6–7; Resp. in Opp. at 2.

#### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. To establish an extraordinary and compelling reason for release in

4

relation to COVID-19, a petitioner must show both a particularized susceptibility to the disease and a particularized risk of contracting the disease at their prison facility. *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (listing cases holding the same). Within this inquiry, courts consider the CDC's list of medical conditions most associated with severe COVID-19 complications; the petitioner's medical conditions, including the extent to which the conditions are being managed properly at their prison facility; and the severity of the ongoing COVID-19 outbreak at the petitioner's prison facility. *See e.g. id.* at 841–42 (acknowledging petitioner's higher risk of suffering COVID-19 complications due to his medical conditions but also finding that petitioner failed to show a particularized risk of contracting COVID-19); *Wilson v. Williams*, No. 4:20-cv-00794, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton), *vacated and remanded on other grounds,* No. 20-3547, 2020 WL 9813537 (6th Cir. Sept. 17, 2020). In considering the factors above, in addition to the 18 U.S.C. § 3553(a) factors, Petitioner is not entitled to compassionate release.

### *1. Petitioner has not proven extraordinary and compelling reasons for his release.*

While Petitioner has proven a particularized susceptibility to the disease, he has not established a particularized risk of contracting the disease at his prison facility. According to the Centers for Disease Control and Prevention ("CDC"), individuals who have hypertension (high blood pressure), obesity, chronic kidney disease, and heart conditions are at an increased risk of severe illness from COVID-19.[2] Petitioner's medical records reflect that, as of late-2021, he has a history of hypertension, obesity, chronic kidney disease, moderate to severe asthma, and heart complications. Comp. Release Mot. at Ex. B. While Petitioner has asthma, it is not stated as

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (July 5, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

moderate or severe in his medical records, and Petitioner has denied any acute issues. *See e.g. id.* at 1, 4, 24 (noting Petitioner's asthma condition). Furthermore, Petitioner argues that his age, 49, makes him particularly susceptible to COVID-19.

First, the Court does not find that Petitioner's age, 49, advances his particularized susceptibility to the disease. *See e.g. United States v. Dunlap*, No. PJM 01-97, 2020 WL 5096723, at *4 (D. Md. Aug. 28, 2020) ("[W]hile the Court recognizes that risk for severe illness from COVID-19 increases as one ages, being 55 by itself is not an extraordinary and compelling reason for release.") (internal quotation omitted). And even if Petitioner has all of the increased-risk conditions discussed above, it is evident that Petitioner's conditions are being properly managed at USP Beaumont. Petitioner's medical records reflect that he receives the medication and other treatment required for his conditions as needed. Comp. Release Mot. at Ex. B.

Moreover, Petitioner has failed to show that he has a particularized risk of contracting COVID-19 at USP Beaumont or that he would be at less risk of contracting COVID-19 if he was released. As of July 5, 2022, 2022, only one inmate and zero staff members are positive for COVID-19 at USP Beaumont.[3] *See United States v. Woolridge*, No. 3:09cr156 (DJN), 2021 WL 415131, at *5 (E.D. Va. Feb. 5, 2021) (finding no particularized risk where there were only eight active cases of COVID-19 at the petitioner's facility); *see also United States v. Wilkins*, No. 7:17-cr-407-JMC-1, 2021 WL 194311, at *3 (D.S.C. Jan. 20, 2021) (finding no particularized risk where there were only ten active cases at the petitioner's facility). On the other hand, Petitioner proposes living with his sister in Norfolk, Virginia, a city that has an average of 69 new COVID-19 cases a day.[4] For these reasons, Petitioner has failed to show a particularized risk of contracting COVID-

---

[3] *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS (Feb. 16, 2022), https://www.bop.gov/coronavirus/index.jsp.
[4] *Tracking Coronavirus in Norfolk, Va.: Latest Map and Case Count*, NEW YORK TIMES (July 6, 2022), https://www.nytimes.com/interactive/2021/us/norfolk-virginia-covid-cases.html.

6

19 at his facility or that he would be better protected if released.

And finally, it appears that Petitioner was offered a COVID-19 vaccine but refused it. Comp. Release Mot. at 19–21. At this juncture, the BOP has administered 323,364 vaccine doses to inmates and staff,[5] but Petitioner proffers no viable justification for his refusal. The Court cannot conclude that Petitioner's own failure to protect himself from the virus warrants an extraordinary and compelling reason for release. The CDC advises that "COVID-19 vaccination provides strong protection against severe disease, hospitalization, and death in all age groups."[6] With this information from the CDC and knowing that Petitioner is in an environment in which most of the inmates within his facility are already vaccinated (and continue to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration.

2. *The § 3553(a) factors do not favor Petitioner's release.*

The history and characteristics of Petitioner and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crime do not favor release. *See* 18 U.S.C. § 3553.

First, Petitioner has an extensive criminal history. Petitioner's instant offense involves the distribution of illegal narcotics on three occasions and a firearm on another occasion, knowing he could not possess that firearm as a convicted felon. Petitioner obtained his first conviction at age 17 and continued breaking the law up to his present conviction. He has been convicted of forgery/uttering bank notes, possession of alcohol underage, failure to appear (five times),

---

[5] *COVID-19 Vaccine Implementation*, BOP.GOV (July 5, 2022), https://www.bop.gov/coronavirus/.
[6] *COVID-19 Vaccine Effectiveness Monthly Update*, CENTERS FOR DISEASE CONTROL AND PREVENTION (July 5, 2022), https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness.

7

possession of marijuana (two times), possession of cocaine, driving on a suspended license (21 times), reckless driving (two times), identity fraud, trespassing (three times), false statement—election fraud, and illegal voting. Comp. Release Presentencing Investigation Report, ECF No. 40 ¶¶ 34–60. Moreover, Petitioner's disciplinary infractions and lack of commitment to rehabilitation since being incarcerated weigh heavily against release. Petitioner has incurred several disciplinary infractions, including refusing a work assignment (multiple infractions), possessing an unauthorized item, refusing to obey an order, destroying property over $100, possessing drugs and/or alcohol, and phone abuse-disrupt monitoring. Resp. in Opp. at Ex. C. The Court commends Petitioner, however, on completing some education courses. *Id.* at Ex. B. But even if Petitioner had a spotless disciplinary record and a better commitment to rehabilitation, evidence of rehabilitation and adherence to court-imposed conditions alone do not warrant compassionate release. *See e.g. United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021) (holding that a petitioner who did not have any disciplinary infractions and had completed substance abuse and wellness courses did not engage in "exceptional post-sentencing conduct" warranting release). Thus, Petitioner's history and characteristics weigh against release.

Second, releasing Petitioner after he has completed only approximately 60% of his sentence would be inconsistent with the sentencing considerations under 18 U.S.C. §3553 given the seriousness of Petitioner's offense and the need for a just sentence that protects the public, deters Petitioner from further offense, and promotes respect for the law. *United States v. Spencer*, 521 F. Supp. 3d 606, 612 (E.D. Va.), aff'd, 853 F. App'x 833 (4th Cir. 2021) (denying compassionate release in part because petitioner had "served only about sixty percent of his sentence for a very serious offense"). Petitioner argues that the § 3553 factors weigh in favor of Petitioner's release and subsequent relocation to Norfolk, Virginia to live with his sister. Comp.

Release Mot. at 22–23. Petitioner makes no argument, however, as to how living with his sister will reduce the likelihood of him committing again the same or a similar offense for which he is currently incarcerated. *See Coleman v. United States*, 465 F. Supp. 3d 543, 550 (E.D. Va. 2020) (denying compassionate release where the court had no "confidence" that the petitioner's release plan would prevent a subsequent offense). Therefore, in consideration of the § 3553 factors, Petitioner has failed to prove that he is entitled to relief.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 7, 2022

Raymond A. Jackson
United States District Judge